**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SYLVESTER LEONARD PIRO,<br><br>    Petitioner,<br><br>vs.<br><br>DAVID DUNCAN, Warden,<br><br>    Respondent. | No. CIV 08-491-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Respondent has filed a Return and and Answer.

*Factual and Procedural Background*

On March 8, 2007, Petitioner Sylvester Leonard Piro ("Piro") was sentenced to a 97 month term of incarceration, to be followed by a 60 month term of supervised release, for Aggravated Sexual Abuse with Children and Crime on an Indian Reservation in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), and 1153 in the United States District Court for the District of New Mexico.

On November 15, 2007, Piro filed his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Piro asserts that he is entitled to an additional 248 days of pre-sentence credit against his federal sentence for time spent in a halfway house while on pre-sentence conditions of bail release. On November 6, 2008,

1  Respondent filed a Return and Answer.

*Jurisdiction of the Court*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In the case of a habeas petition, such jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. Therefore, this Court's jurisdiction depends upon a proper characterization of Piro's claims. Piro is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court. Piro being incarcerated at FCI Safford, Arizona, this Court is the custodial court. This Court has jurisdiction over this matter.

*Exhaustion of Administrative Remedies*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). Respondent having not asserted that Piro has not exhausted his administrative remedies, the

1  Court will review the Petition.

3  *Credit for Pre-Sentence Incarceration*

4  The calculation of a term of imprisonment may include credit for prior custody:

5  (b)  Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

7  (1)  as a result of the offense for which the sentence was imposed;

8  or

9  (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*.

However, "official detention" under 18 U.S.C. § 3585(b) does not include restrictive pre-sentence release to a halfway house. *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).[1] In *Koray*, the Court upheld BOP Program Statement 5880.28 which discussed credit for time spent under restrictive conditions of release. That program statement has subsequently been modified in light of *Koray* and now states, *inter alia*:

> The Koray decision means, therefore, that time spend in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143; former 3146) . . . is not creditable to the service of a subsequent sentence. In addition, a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement" . . . is no considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own**

---

[1] Piro's assertion that *United States v. Booker*, 543 U.S. 220 (2005), overturned *Koray* is simply a misstatement of law.

- 3 -

1 **recognizance, or as a condition of parole, probation or supervised release.**
2 PS § 5880.28, pp. 1-14G – 1-14H, *emphasis in original.*[2] The policy of the BOP is consistent
3 with *Koray*. *See also Tanner v. Sivley*, 76 F.3d 302 (9th Cir. 1996) (citing *Koray*, court
4 determined that petitioner was not under BOP control during confinement in community
5 treatment center and, therefore, stay did not constitute "official detention").

6 Piro was not ordered detained or placed in official detention. The conditions of his
7 release required him to reside at La Pasada Halfway House in Albuquerque, New Mexico.
8 However, Piro was permitted to leave La Pasada to seek, maintain, and report for work. In
9 *Koray* the prisoner was released on bail, pending sentencing, and ordered confined to the
10 premises of the Volunteers of America community treatment center. *Koray*, 515 U.S. at 52-
11 53. The prisoner was not permitted to leave the premises without authorization unless
12 accompanied by a government agent. *Id.* In other words, Piro's conditions of release were
13 less restrictive than those at issue in *Koray*. The restrictive conditions placed on Piro's
14 release do not constitute official detention warranting pre-sentence credit against Piro's
15 federal sentence.

16 Piro also asserts that the failure to credit the pre-sentence time spent at La Pasada
17 violates the Double Jeopardy Clause and due process. The Court notes that Piro has not
18 provided any authority for these claims and Respondent has not addressed these claims.
19 "Jeopardy attaches in the double punishment context when the defendant begins serving the
20 sentence." *United States v. Von Moos*, 660 F.2d 748, 749 (9th Cir. 1981); *see also Neidinger*
21 *v. United States*, 647 F.2d 408 (4th Cir. 1981). Piro had not begun serving his sentence
22 during his placement at La Pasada. Further, the denial of credit does not violate the Due
23 Process Clause. *Cucciniello v. Keller*, 137 F.3d 721 (2nd Cir. 1998) ("It is arguable that a
24 pretrial detainee electing bail conditioned on home confinement is giving up the

---

26 [2]An internal agency guideline is entitled to "some deference," *Koray*, 515 U.S. at 61, but is afforded less deference than regulations. *Tablada v. Thomas*, 533 F.3d 800 (9th Cir. 2008).

- 4 -

1 'opportunity' to have the date of any subsequently imposed sentence start from the beginning
2 of the period of pretrial confinement, rather than from the later date of surrender to begin
3 serving a sentence. Such an 'opportunity,' however, is too insubstantial to be regarded as a
4 liberty interest protected by the Due Process Clause. At the time the detainee elects bail
5 conditioned on home confinement, it is entirely speculative whether he will be convicted,
6 and, if so, whether he will be sentenced to prison. Since no protected liberty interest is being
7 impaired, no due process is required."). Additionally, that post-sentence defendants may
8 receive credit for time spent at a halfway house, while pre-sentence defendants are denied
9 that credit, does not violate the Equal Protection Clause. *Moreland v. United States*, 968
10 F.2d 655 (8th Cir. 1992); *see also Fraley v. U. S. Bureau of Prisons*, 1 F.3d 924 (9th Cir.
11 1993).

13        Accordingly, IT IS ORDERED:
14        1.        The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED
15 and this matter is DISMISSED WITH PREJUDICE.
16        2.        The Clerk of the Court shall enter judgment and shall then close its file in this
17 matter.
18        DATED this 3rd day of February, 2009.

            _____
            Cindy K. Jorgenson
            United States District Judge

- 5 -